WOOD, SMITH, HENNING & BERMAN LLP
401 WILSHIRE BLVD, SUITE 1070
SANTA MONICA, CALIFORNIA 90401
TELEPHONE 310.481.7600 ♦ FAX 310.481.7650

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**WESTERN DIVISION**

| | |
|---|---|
| BRYAN YOUNG, an individual<br><br>Plaintiff,<br><br>v.<br><br>STARBUCKS CORPORATION, a WASHINGTON CORPORATION doing business in California; Does 1 to 99,<br><br>Defendants. | Case No. 2:25-cv-11587-PVC<br><br>**STIPULATED PROTECTIVE ORDER** |

1.    <u>PURPOSES AND LIMITATIONS</u>

Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, the parties hereby stipulate to and petition the court to enter the following Stipulated Protective Order. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the

43155037.1:12708-0053

applicable legal principles.

2.    GOOD CAUSE STATEMENT

This action is likely to involve production of confidential, proprietary, private, and/or commercially sensitive information for which special protection from public disclosure and from use for any purpose other than prosecution or defense of this action may be warranted. Such information may include, among other things, incident-related surveillance footage and video, internal incident reports, witness statements, employee identifying information, employee schedules and rosters, training materials, safety policies, de-escalation policies, security-related materials, confidential business procedures, and information containing private or personally identifying information of employees, customers, or other third parties. Certain materials may also include confidential commercial information, internal business practices, and other non-public information that is not generally available to the public. Accordingly, to expedite the flow of information, to facilitate the prompt resolution of disputes over confidentiality designations, to adequately protect information the parties are entitled to keep confidential, to ensure that the parties are permitted reasonably necessary uses of such material in preparation for and in the conduct of this action, and to address the handling of such material at the conclusion of the litigation, entry of a protective order is justified. It is the intent of the parties that information will not be designated as confidential for tactical reasons and that nothing shall be so designated without a good faith belief that it has been maintained in a confidential, non-public manner and that there is good cause why it should not be disclosed beyond the terms of this Order.

3.    ACKNOWLEDGMENT OF UNDER SEAL FILING PROCEDURE

The parties further acknowledge, as set forth in Section 14.3 below, that this Stipulated Protective Order does not entitle any party to file confidential information under seal. Any request to file material under seal must comply with the applicable Federal Rules of Civil Procedure, the Local Rules of the United States District Court

WOOD, SMITH, HENNING & BERMAN LLP
401 WILSHIRE BLVD, SUITE 1070
SANTA MONICA, CALIFORNIA 90401
TELEPHONE 310.481.7600 ♦ FAX 310.481.7650

for the Central District of California, including Local Civil Rule 79-5, and any applicable order of the assigned judge.

4.   DEFINITIONS

4.1.   Challenging Party: a Party or Non-Party that challenges the designation of information or items under this Order.

4.2.   "CONFIDENTIAL" Information or Items: information (regardless of how it is generated, stored, or maintained) or tangible things that qualify for protection under applicable federal law and as specified in the Good Cause Statement above.

4.3.   Counsel (without qualifier): Outside Counsel of Record and House Counsel (as well as their support staff).

4.4.   Designating Party: a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

4.5.   Disclosure or Discovery Material: all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

4.6.   Expert: a person with specialized knowledge or experience in a matter pertinent to the litigation who (1) has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action, (2) is not a current employee of a Party or of a Party's competitor, and (3) at the time of retention, is not anticipated to become an employee of a Party or of a Party's competitor.

4.7.   "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES

WOOD, SMITH, HENNING & BERMAN LLP
401 WILSHIRE BLVD, SUITE 1070
SANTA MONICA, CALIFORNIA 90401
TELEPHONE 310.481.7600 ♦ FAX 310.481.7650

ONLY" Information or Items: extremely sensitive Confidential Information or Items, the disclosure of which to another Party or Non-Party would create a substantial risk of serious harm that could not be avoided by less restrictive means. Such information may include highly sensitive non-public business, security, personnel, or proprietary information. Absent a particularized showing of substantial harm, materials central to the claims and defenses in this action, including incident video, incident reports, witness statements, employee schedules or rosters for the date of the incident, and training or policy materials in effect at the time of the incident, shall not be designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

4.8.   House Counsel: attorneys who are employees of a party to this action. House Counsel does not include Outside Counsel of Record or any other outside counsel.

4.9.   Non-Party: any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

4.10. Outside Counsel of Record: attorneys who are not employees of a Party to this action but are retained to represent or advise a Party to this action and have appeared in this action on behalf of that Party or are affiliated with a law firm which has appeared on behalf of that Party, and includes support staff.

4.11. Party: any party to this action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

4.12. Producing Party: a Party or Non-Party that produces Disclosure or Discovery Material in this action.

43155037.1:12708-0053

-4-

STIPULATED PROTECTIVE ORDER

WOOD, SMITH, HENNING & BERMAN LLP
401 WILSHIRE BLVD, SUITE 1070
SANTA MONICA, CALIFORNIA 90401
TELEPHONE 310.481.7600 ♦ FAX 310.481.7650

4.13. <u>Professional Vendors</u>: persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

4.14. <u>Protected Material</u>: any Disclosure or Discovery Material that is designated as "CONFIDENTIAL," or as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

4.15. <u>Receiving Party</u>: a Party that receives Disclosure or Discovery Material from a Producing Party.

5.    <u>SCOPE</u>

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material. However, the protections conferred by this Stipulation and Order do not cover the following information: (a) any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Order, including becoming part of the public record through trial or otherwise; and (b) any information known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Designating Party. Nothing in this Order governs the admissibility of evidence at trial or any hearing. Any use of Protected Material at trial shall be governed by a separate agreement or order of the Court.

6.    <u>DURATION</u>

Even after final disposition of this litigation, the confidentiality obligations

WOOD, SMITH, HENNING & BERMAN LLP
401 WILSHIRE BLVD, SUITE 1070
SANTA MONICA, CALIFORNIA 90401
TELEPHONE 310.481.7600 ◆ FAX 310.481.7650

imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

7.    DESIGNATING PROTECTED MATERIAL

7.1.    Exercise of Restraint and Care in Designating Material for Protection. Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. To the extent it is practical to do so, the Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify – so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

7.2.    Manner and Timing of Designations. Except as otherwise provided in this Order (see, e.g., second paragraph of section 7.2(a) below), or as otherwise stipulated or ordered, Parties should make all best efforts to clearly designate Disclosure or Discovery Material that qualifies for protection under this Order before the material is disclosed or produced.  Designation in conformity with this Order requires:

(a)    for information in documentary form (e.g., paper or electronic documents, but excluding transcripts of

WOOD, SMITH, HENNING & BERMAN LLP
401 WILSHIRE BLVD, SUITE 1070
SANTA MONICA, CALIFORNIA 90401
TELEPHONE 310.481.7600 ◆ FAX 310.481.7650

depositions or other pretrial or trial proceedings), that the Producing Party affix the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" to each page that contains protected material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins) and must specify, for each portion, the level of protection being asserted. A Party or Non-Party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order. Then, before producing the specified documents, the Producing Party must affix the appropriate legend ("CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY") to each page that contains Protected Material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins) and

WOOD, SMITH, HENNING & BERMAN LLP
401 WILSHIRE BLVD, SUITE 1070
SANTA MONICA, CALIFORNIA 90401
TELEPHONE 310.481.7600 ♦ FAX 310.481.7650

43155037.1:12708-0053

-7-

STIPULATED PROTECTIVE ORDER

must specify, for each portion, the level of protection being asserted.

(b)    for testimony given in deposition or in other pretrial or trial proceedings, by: (1) a statement on the record, by counsel, at the time of such disclosure or before the conclusion of the deposition or testimony; or (2) by written notice, sent to all Parties within 30 calendar days of the deposition or other testimony, provided that only those portions of the transcript designated as CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY be treated as such.  The Parties may modify this procedure for any particular deposition or other testimony, through agreement on the record. The use of a document as an exhibit at a deposition shall not in any way affect its designation as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." Transcripts containing Protected Material shall have an obvious legend on the title page that the transcript contains Protected Material, and the title page shall be followed by a list of all pages (including line numbers as appropriate) that have been designated as Protected Material and the level of protection being asserted by the Designating Party. The Designating Party shall inform the court reporter of these requirements. Any transcript that is prepared before the expiration of a 30-day period for designation shall be treated during that period as if it had been designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" in its entirety unless

WOOD, SMITH, HENNING & BERMAN LLP
401 WILSHIRE BLVD, SUITE 1070
SANTA MONICA, CALIFORNIA 90401
TELEPHONE 310.481.7600 ♦ FAX 310.481.7650

WOOD, SMITH, HENNING & BERMAN LLP
401 WILSHIRE BLVD, SUITE 1070
SANTA MONICA, CALIFORNIA 90401
TELEPHONE 310.481.7600 ♦ FAX 310.481.7650

otherwise agreed. After the expiration of that period, the transcript shall be treated only as actually designated.

(c)    for information produced in some form other than documentary and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." If only a portion or portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portion(s) and specify the level of protection being asserted.

7.3.    Inadvertent Failures to Designate. An inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. Upon timely correction of a designation, the Receiving Party must make best efforts to assure that the material is treated in accordance with the provisions of this Order.

8.    CHALLENGING CONFIDENTIALITY DESIGNATIONS

In the event that any Party or Non-Party believes that designated information should not be so designated, or that a different designation should be employed, such Challenging Party shall notify the Designating Party in writing within a reasonable time after receiving the designated information. Counsel for the Challenging Party and the Designating Party shall thereafter meet and confer in good faith concerning the disputed designation within ten (10) business days of receipt of the notice, or sooner if the timing of the use of such information so requires. If agreement is not reached, the Challenging Party may seek relief from the Court in accordance with the

Federal Rules of Civil Procedure and the Local Rules of the United States District Court for the Central District of California. In any such proceeding, the Designating Party bears the burden of persuasion with respect to any challenged designation. The designated material shall remain subject to the protection of this Order under the designation assigned by the Designating Party until the Court rules otherwise.

9.    ACCESS TO AND USE OF PROTECTED MATERIAL

9.1.  Basic Principles. A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this case only for prosecuting, defending, or attempting to settle this litigation. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the litigation has been terminated, a Receiving Party must comply with the provisions of section 15 below (FINAL DISPOSITION). Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner[1] that ensures that access is limited to the persons authorized under this Order.

9.2.  Disclosure of "CONFIDENTIAL" Information or Items. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

(a)    the Receiving Party's Outside Counsel of Record in this action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose

---

[1]    It may be appropriate under certain circumstances to require the Receiving Party to store any electronic Protected Material in password-protected form.

WOOD, SMITH, HENNING & BERMAN LLP
401 WILSHIRE BLVD, SUITE 1070
SANTA MONICA, CALIFORNIA 90401
TELEPHONE 310.481.7600 ♦ FAX 310.481.7650

WOOD, SMITH, HENNING & BERMAN LLP
401 WILSHIRE BLVD, SUITE 1070
SANTA MONICA, CALIFORNIA 90401
TELEPHONE 310.481.7600 ♦ FAX 310.481.7650

the information for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A;

(b)    the officers, directors, and employees (including House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(c)    Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(d)    the court and its personnel;

(e)    court reporters and their staff;

(f)    professional jury or trial consultants, and Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(g)    during their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the court. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order.

(h)    the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information; and

(i)    any mediators or settlement officers and their supporting personnel, mutually agreed upon by any of the parties engaged in settlement discussions.

9.3.    Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" only to:

(a)    the Receiving Party's Outside Counsel of Record in this action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A;

(b)    House Counsel of the Receiving Party, as well as employees of the legal department to whom it is reasonably necessary to disclose the information for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(c)    Experts of the Receiving Party (1) to whom disclosure is reasonably necessary for this litigation, (2) who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(d)    the court and its personnel;

WOOD, SMITH, HENNING & BERMAN LLP
401 WILSHIRE BLVD, SUITE 1070
SANTA MONICA, CALIFORNIA 90401
TELEPHONE 310.481.7600 ◆ FAX 310.481.7650

WOOD, SMITH, HENNING & BERMAN LLP
401 WILSHIRE BLVD, SUITE 1070
SANTA MONICA, CALIFORNIA 90401
TELEPHONE 310.481.7600 ◆ FAX 310.481.7650

(e)   court reporters and their staff;

(f)   professional jury or trial consultants, and Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(g)   during their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the court. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order;

(h)   the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information; and

(i)   any mediators or settlement officers and their supporting personnel, mutually agreed upon by any of the parties engaged in settlement discussions. Absent a particularized showing of substantial harm that cannot be avoided by a less restrictive designation, materials central to the claims and defenses in this action, including incident video, incident reports, witness statements, employee schedules or rosters for the date of the incident, and training or policy materials in effect at the time of the incident, shall not be designated "HIGHLY

43155037.1:12708-0053

-13-

STIPULATED PROTECTIVE ORDER

CONFIDENTIAL – ATTORNEYS' EYES ONLY."

10.   PROTECTED MATERIAL SUBPOENAED OR ORDER PRODUCED IN                      OTHER LITIGATION

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" that Party must:

(a)   promptly notify in writing the Designating Party. Such notification shall include a copy of the subpoena or court order;

(b)   promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification shall include a copy of this Stipulated Protective Order; and

(c)   cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material – and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

WOOD, SMITH, HENNING & BERMAN LLP
401 WILSHIRE BLVD, SUITE 1070
SANTA MONICA, CALIFORNIA 90401
TELEPHONE 310.481.7600 ♦ FAX 310.481.7650

11.   A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN         THIS LITIGATION

(a)   The terms of this Order are applicable to information produced by a Non-Party in this action and designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY". Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

(b)   In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

1.   promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

2.   promptly provide the Non-Party with a copy of the Stipulated Protective Order in this litigation, the relevant discovery request(s), and a reasonably specific description of the information requested; and

3.   make the information requested available for inspection by the Non-Party.

(c)   If the Non-Party fails to object or seek a protective order from this court within 14 days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery

WOOD, SMITH, HENNING & BERMAN LLP
401 WILSHIRE BLVD, SUITE 1070
SANTA MONICA, CALIFORNIA 90401
TELEPHONE 310.481.7600 ♦ FAX 310.481.7650

request. If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the court. Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this court of its Protected Material.

12.    UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

13.    INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL

If a Producing Party gives notice to Receiving Parties that certain produced material is subject to a claim of attorney-client privilege, work-product protection, or any other applicable privilege or protection, the Receiving Party shall promptly sequester, return, or destroy the specified material and any copies thereof, and shall not use or disclose the material until the claim is resolved. The Receiving Party may promptly present the material to the Court under seal for a determination of the claim, if appropriate. Pursuant to Federal Rule of Evidence 502(d), the production of privileged or work-product-protected documents, electronically stored information, or other information, whether inadvertent or otherwise, shall not constitute a waiver of privilege or protection in this action or in any other federal or state proceeding.

WOOD, SMITH, HENNING & BERMAN LLP
401 WILSHIRE BLVD, SUITE 1070
SANTA MONICA, CALIFORNIA 90401
TELEPHONE 310.481.7600 ♦ FAX 310.481.7650

43155037.1:12708-0053

-16-

STIPULATED PROTECTIVE ORDER

This provision is not intended to modify any procedure that may be established in an e-discovery order entered in this action.

14.  MISCELLANEOUS

14.1.  Right to Further Relief. Nothing in this Order abridges the right of any person to seek its modification by the court in the future.

14.2.  Right to Assert Other Objections. By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

14.3.  Filing Protected Material. Without written permission from the Designating Party or a court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this action any Protected Material. A Party that seeks to file under seal any Protected Material must comply with the Federal Rules of Civil Procedure, the Local Rules of the United States District Court for the Central District of California, including Local Civil Rule 79-5, and any applicable order of the assigned judge. Protected Material may be filed under seal only pursuant to a court order authorizing the sealing of the specific material at issue. If a request to file Protected Material under seal is denied by the Court, the Receiving Party may file the material in the public record only as permitted by the Court's order and the applicable rules.

14.4.  Production of Video and Other ESI. To the extent a Producing Party produces surveillance footage, incident-related video, audio recordings, photographs, or other electronically stored information relevant to the claims or defenses in this action, such materials shall be produced in a reasonably usable form. Where reasonably available, the Producing Party shall produce such materials in native format or in a format that preserves reasonably available date and time information, playback functionality, and image quality sufficient for review,

WOOD, SMITH, HENNING & BERMAN LLP
401 WILSHIRE BLVD, SUITE 1070
SANTA MONICA, CALIFORNIA 90401
TELEPHONE 310.481.7600 ◆ FAX 310.481.7650

43155037.1:12708-0053

-17-

deposition use, expert analysis, and trial preparation. Nothing in this paragraph requires production of metadata that is not reasonably accessible or that is privileged or otherwise protected from disclosure.

15.    FINAL DISPOSITION

Within 60 days after the final disposition of this action, as defined in paragraph 6, each Receiving Party must return all Protected Material to the Producing Party or destroy such material. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60-day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 6 (DURATION).

GOOD CAUSE SHOWN BY THE PARTIES' STIPULATION, IT IS SO ORDERED.

DATED: May 6, 2026

_____
HON. PEDRO V. CASTILLO
UNITED STATES MAGISTRATE JUDGE

WOOD, SMITH, HENNING & BERMAN LLP
401 WILSHIRE BLVD, SUITE 1070
SANTA MONICA, CALIFORNIA 90401
TELEPHONE 310.481.7600 ◆ FAX 310.481.7650

43155037.1:12708-0053

-18-

STIPULATED PROTECTIVE ORDER

## <u>ATTACHMENT A</u>

### ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

The undersigned acknowledges he/she has read the Protective Order attached hereto, understands the terms of the Protective Order, and agrees to be bound by its terms. The undersigned submits to the jurisdiction of this Court in matters relating to the Protective Order and understands the terms of the Protective Order obligate him/her to use materials designated as Confidential Information in accordance with the Order solely for the purposes of the above-captioned action, and not to disclose any such Confidential Information to any other person or entity. The undersigned acknowledges that violation of the Protective Order may result in penalties for contempt of court.

**PRINTED NAME:** _____

**EMPLOYER: JOB TITLE:** _____

**BUSINESS ADDRESS:** _____

_____

**DATE:**_____ **SIGNATURE:** _____

WOOD, SMITH, HENNING & BERMAN LLP
401 WILSHIRE BLVD, SUITE 1070
SANTA MONICA, CALIFORNIA 90401
TELEPHONE 310.481.7600 ◆ FAX 310.481.7650

43155037.1:12708-0053

-19-

STIPULATED PROTECTIVE ORDER